## Mechling's Appeal.

Petition by a junior attaching creditor for subrogation to the right of an execution creditor, denied on the facts, for want of equity.

(Decided October 19, 1885.)

Appeal from a decision of the Common Pleas of Westmoreland County, refusing a petition for subrogation. Affirmed.

On November 12, 1881, Wilson Baughman entered of record a judgment, etc., signed by J. R. Spiegel and J. S. Spiegel, for $10,000. On this judgment an execution was issued against the personal property of the Spiegels, and on the same day an at-

tachment execution was served on the Barclay bank, as garnishee of funds belonging to the judgment debtors. The judgment thus became the first lien on the debtors' real and personal property, and the garnisheed fund in the Barclay bank. Subsequently the petitioner, Josiah J. Mechling, entered of record a judgment note, signed by the same defendants and guaranteed by Wilson Baughman, upon which execution was issued, thus making this judgment a lien on the real and personal estate of the defendant debtors. Still later, other judgments were entered up against the Spiegels, and attachments were issued thereunder against the fund in the Barclay bank.

Under the various executions the personal property of the defendants was sold, and, the proceeds not being sufficient to satisfy Baughman's lien, he proceeded against the real estate. This was sold, and the proceeds remaining after satisfaction of Baughman's judgment were ordered to be paid according to a schedule of distribution confirmed by the court.

Mechling thereupon presented his petition to the court, praying to be subrogated to the rights of Baughman in his attachment execution against the funds in the Barclay bank. The subrogation having been refused, Mechling appealed.

*A. D. McConnell* and *Moorhead & Head,* for appellant.— Where a creditor has a lien upon two funds belonging to one debtor, and another creditor has a subsequent lien upon only one of them, the former is under obligation to exhaust, first, the fund upon which he has an exclusive lien, before he can resort to the other. If the paramount creditor resorts to the doubly charged fund or property, the junior creditor will be substituted to his rights, and will be satisfied out of the other fund, to the extent to which his own may have been exhausted. Delaware & H. Canal Co.'s Appeal, 38 Pa. 516; Ramsey's Appeal, 2 Watts, 232, 27 Am. Dec. 301; Hastings's Case, 10 Watts, 305; Dunn v. Olney, 14 Pa. 223; McDevitt's Appeal, 70 Pa. 377.

As against his debtors, the petitioner was vested with an equitable right to compel all prior creditors to first resort to property or funds upon which they had liens and he had not, and, failing in this, then to be subrogated to their rights against such funds. This right of subrogation was as effective to enable him to utilize such a fund as any lien that he could have acquired by legal process. It vested in him when he entered his

judgment, and, being so vested, it was not in the power of his debtors to defeat it.

The right of subrogation, being an equity against the debtor, operates equally against his subsequent judgment creditors, who have no greater rights than their debtor had at the time their judgments were entered. It was a mistake to consider that the judgment creditors subsequent to the mortgagee have rights superior to those of their debtor. Delaware & H. Canal Co.'s Appeal, 38 Pa. 516; Hastings's Case, 10 Watts, 305; McDevitt's Appeal, 70 Pa. 377. See also Dunn v. Olney, 14 Pa. 223; Milligan's Appeal, 104 Pa. 509.

The facts of Lloyd v. Galbraith, 32 Pa. 103, upon which the court below puts much stress, are entirely different from the present one, and the ruling there is in perfect harmony with the principles contended for here.

*J. Turney, Hazlett & Williams,* and *W. H. Klingensmith,* for appellee.—The appellant has been guilty of gross laches, and such a person has no standing in a court of equity. Neely's Appeal, 85 Pa. 387.

There was a clear intervention of the rights of third parties, and laches on the part of petitioner; and how could the court below do anything but what was done?

Subrogation is not to be allowed, except in a clear case and when it works no injustice to the rights of others. Lloyd v. Galbraith, 32 Pa. 103; Erb's Appeal, 2 Penr. & W. 298.

The doctrine of substitution, being one of mere equity and benevolence, will not be enforced at the expense of a legal right. Fink v. Mahaffy, 8 Watts, 384.

The principle which governs in all cases of substitution is one of equity merely, and is to be carried out in the exercise of a proper equitable discretion with a due regard to the legal and equitable rights of others. McGinnis's Appeal, 16 Pa. 445. See also Ziegler v. Long, 2 Watts, 206; Russell's Appeal, 59 Pa. 401; Gring's Appeal, 89 Pa. 339; Wagner v. Elliott, 95 Pa. 487.

Subrogation is an equitable proceeding. A person is never entitled to an equitable remedy, when he has or can have a remedy at law. We can see nothing whatever that would have prevented petitioner from having an ample remedy by attachment execution. Ebenhardt's Appeal, 8 Watts & S. 327; Conser's Appeal, 11 W. N. C. 220.

PER CURIAM:

The very able argument of the counsel for the appellant has not satisfied us that the learned judge erred in refusing the subrogation prayed for. Under all the facts in the case the appellant shows no such controlling equities as to justify us in superseding the legal rights of the appellee.

Decree affirmed and appeal dismissed, at the costs of the appellant.